UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILDRED PITRE,

     Plaintiff,

v.                                              Case No. 8:23-cv-2107-NHA

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

     Defendant.
_____/

## ORDER

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 23. The motion is granted.

Plaintiff seeks reversal of the Commissioner's decision that she is not disabled. Doc. 1. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled, because, notwithstanding her severe impairments, she could still perform certain jobs available in the national economy. R. 17, 23-24.

Plaintiff argues that, in arriving at his conclusion, the ALJ failed to identify and resolve conflicts between the Vocational Expert's (VE's) testimony

and the data in the Dictionary of Occupational Titles ("DOT"). Doc. 18, pp. 3-6; *see Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018) ("SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT.").

Specifically, Plaintiff asserts, the VE testified that Plaintiff could perform certain occupations that the DOT defines as requiring abilities that exceed Plaintiff's limitations as found by the ALJ. Doc. 18, pp. 3-6. Plaintiff further asserts that, without the errantly-included occupations, the occupations available to Plaintiff are not significantly available within the national economy. *Id.* p. 5.

After consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further administrative proceedings. Doc. 23. Plaintiff does not oppose the motion. *Id.* p. 2.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the

claimant's favor.  *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to a de novo hearing, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 23) is GRANTED.

2. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision be REVERSED under sentence four of 42 U.S.C. § 405(g) and the case be REMANDED for further administrative proceedings consistent with this order.

3. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on April 2, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge